IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                        No.  03-40109-01-SAC

WILMA JEAN CLARK,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Wilma Jean

Clark's motion to reduce sentence in accordance with 18 U.S.C. § 3582(c)

and § 2D1.1 of the Sentencing Guidelines, effective March 3, 2008, and

retroactive pursuant to U.S.S.G. § 1B1.10.  (Dk. 72).  The motion asks the

court to reduce her sentence to 60 months or time served.  The motion

recites that the government does not oppose the defendant's request and

that the United States Probation Office does not object to the recalculation.

In subsequent communications with the court, the probation office has

clarified its position.  While it does not object to the manner or methodology

used in recalculating the amended guideline sentencing range, the

probation office is not recommending the defendant's motion be granted as

she previously received a non-guideline sentence determined pursuant to

18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), and "a further reduction generally would not be appropriate" under U.S.S.G. § 1B1.10(b)(2)(B).

On March 16, 2004, the defendant received a sentence of 120 months' incarceration which was the bottom of the guideline range recommended in the presentence report (total offense level of 27 and criminal history category of five for a guideline range of 120 to 150 months). (Dk. 47). The defendant appealed and the Tenth Circuit remanded this case "with instructions to vacate defendant's sentence . . . and resentence defendant in accordance with *Booker*." *United States v. Clark*, 415 F.3d 1234, 1243 (10th Cir. 2005). The appellate panel determined a reasonable probability existed that a jury would not have found the defendant's 2003 drug activity and firearm possession was part of the same course of conduct or common scheme or plan as the defendant's offense of conviction.

On remand, the defendant filed a sentencing memorandum advocating a guideline range of 84 to 105 months but asking for the mandatory minimum sentence of sixty months based on factors under 18 U.S.C. § 3553(a) and the decision in *Booker*. (Dk. 64). The government

filed a response agreeing that the Tenth Circuit's decision favored a lower guideline range (84 to 105 months) and that a further reduction pursuant to § 3553(a) factors was warranted.  (Dk. 65).  The government said it would not oppose a sentence of 70 months.  (Dk. 65).  On October 13, 2005, the court resentenced the defendant to 70 months' incarceration.  (Dk. 67).  In doing so, the court did not revisit or change any of its rulings on objections to the presentence report, and the applicable guideline range remained 120 to 150 months.  The court imposed a sentence below the advisory guideline range in light of the parties' mutual representation that 70 months was an appropriate sentence which satisfied the sentencing factors under 18 U.S.C. § 3553(a).  The defendant did not appeal her sentence.

In her recent motion to reduce sentence, the defendant recognizes that the amended retroactive guideline for cocaine base results in guideline range of 100 to 125 months.  The defendant's original sentence of 70 months based on a downward variance "is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A). Nonetheless, the defendant asks for a sentence of 60 months or time served[1] arguing that this sentence "incorporates both the amendment to

---

[1]According to the defendant's motion, her scheduled release date on the sentence of 70 months is in December of 2008.  (Dk. 72, p. 2).

the crack guideline and the Court's original downward departure."[2]  (Dk. 72,

p. 3).  The government does not oppose this request.  *Id*.

> "[I]n the case of a defendant who has been sentenced to a term
of imprisonment based on a sentencing range that has subsequently been
lowered by the Sentencing Commission . . . the court may reduce the term
of imprisonment . . . if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission."  18 U.S.C. §
3582(c)(2).  The amended policy statement at U.S.S.G. § 1B1.10(b)(2)(A)
states that a "court shall not reduce the defendant's term of imprisonment
under 18 U.S.C. § 3582(c) and this policy statement to a term that is less
than the minimum of the amended guideline range."  The defendant is
subject to this limitation as she is asking for a sentence less than the
minimum of the amended guideline range.  The amended policy statement,
however, includes the following exception:

---

[2]The court's sentence was the result of a variance, not a departure.
*See United States v. Atencio*, 476 F.3d 1099, 1101 n. 1 (10th Cir. 2007)
("[W]hen a court reaches a sentence above or below the recommended
Guidelines range through application of Chapters Four or Five of the
Sentencing Guidelines, the resulting increase or decrease is referred to as
a 'departure.' When a court enhances or detracts from the recommended
range through application of § 3553(a) factors, however, the increase or
decrease is called a 'variance.'").

> Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less  than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. §  3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B).  Thus, a court will not modify a defendant's sentence for a crack cocaine offense to a term less than the minimum of the amended guideline range, unless the original sentence was less than the original guideline range, and if so, a comparable reduction "may be appropriate."  Even then, a comparable reduction is generally inappropriate if the original sentence was a "non-guideline sentence determined pursuant to" § 3553(a) and *Booker*.

As explained in the background to U.S.S.G. § 1B1.10,[3] the court's application of this policy statement is committed to its sound discretion.   It follows that in the exercise of its discretion, a court generally should not grant a comparable reduction for a lower original sentence that

---

[3]"The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of the imprisonment may be appropriate for previously sentenced, qualified defendants."

5

had been based on a § 3553(a) variance.  The policy statement does not

elaborate on what more must be shown in order to overcome the

disfavored status on this comparable reduction.  Application note one to

U.S.S.G. § 1B1.10 lists the following as factors for consideration in

determining whether to reduce a sentence and the extent of a reduction:

(1) "the factors set forth in 18 U.S.C. § 3553(a)," (2) "the nature and

seriousness of the danger to any person or the community that may be

posed by a reduction in the defendant's term of imprisonment," and (3) the

"post-sentencing conduct of the defendant that occurred after imposition of

the original term of imprisonment."  These considerations presumably

should present an aggregate justification for a comparable reduction that

would overcome its otherwise disfavored status.

In imposing the original non-guideline sentence of 70 months,

the court considered the relevant § 3553(a) factors as argued and

presented by the parties.  The court agreed with the parties then and

continues to believe today that a sentence of seventy months is just and

appropriately and sufficiently reflects the relevant § 3553(a) factors.  New

or additional evidence or circumstances for consideration under § 3553(a)

have not been presented or discovered by the court.  Public safety

6

concerns and defendant's post-sentencing conduct are not factors that factually bear appreciable weight here on the court's consideration.  In short, the court concludes that any reduction, comparable or not, based on the § 3553(a) reduction or original variance is inappropriate here and should be denied consistent with the plain terms of the policy statement.

IT IS FURTHER ORDERED that the defendant's motion to reduce sentence (Dk. 72) is denied.

Dated this 11th day of March, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge